**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 24-00013-01-CR-W-RK** |
| | ) | |
| **FRANK C. GARNER, JR.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Pending is Defendant Frank C. Garner, Jr.'s Motion to Dismiss Case. Doc. 27. On July 1, 2024, the Government filed Suggestions in Opposition to Defendant's motion. Doc. 36. On July 12, 2024, Defendant filed his Reply. Doc. 37. For the reasons set forth below, the undersigned recommends Defendant's motion be **DENIED**.

### I. BACKGROUND

On January 23, 2024, the grand jury returned an indictment charging Defendant with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Doc. 13. Defendant moves to dismiss the indictment on the grounds that section 922(g)(1) violates the Second Amendment to the United States Constitution, both facially and as applied. Doc. 27 at 1.

### II. DISCUSSION

The Second Amendment provides "[a] well regulated Militia, being necessary to the security of a free State, the right of the people to keep and bear Arms, shall not be infringed." U.S. Const. amend. II. Defendant is charged with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), which states:

> It shall be unlawful for any person – (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce,

any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1). According to the pretrial services report in this matter, Defendant previously was convicted of two felony offenses out of the same incident: multiple counts of assault on a law enforcement officer and armed criminal action. Doc. 9 at 2-3.

Defendant contends section 922(g)(1) is unconstitutional based on the United States Supreme Court's decision in *New York Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022). Doc. 27 at 1-2. He argues the statute is unconstitutional on its face and as applied to him. *Id*. at 1-34. Further, he asserts section 922(g)(1) violates the Fifth Amendment by failing to provide a procedural mechanism for him to restore his Second Amendment rights. *Id*. at 25-26. The Government argues Defendant's motion to dismiss should be denied based on Eighth Circuit precedent. Doc. 36 at 1.

**A.       Relevant Precedent**

In 2008, the Supreme Court decided *District of Columbia v. Heller*, which was its "first in-depth examination of the Second Amendment." 554 U.S. 570, 635 (2008). Therein, the Court found certain District of Columbia ordinances banning handguns were unconstitutional under the Second Amendment. *Id*. But the Supreme Court also clarified the Second Amendment right to possess firearms belongs to "law-abiding, responsible citizens" and "is not unlimited." *Id*. at 595, 635. The Court declared "nothing in [the *Heller*] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons . . . ." *Id*. at 626. The Court noted such a prohibition was "presumptively lawful." *Id*. at 627 n.26.

In 2010, the Supreme Court decided *McDonald v. City of Chicago*, 561 U.S. 742 (2010). In finding the Second Amendment is fully applicable to the States through the Fourteenth Amendment, the Court in *McDonald* repeated *Heller*'s assurances:

> We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as "prohibitions on the possession of firearms by felons and the mentally ill," "laws forbidding the carrying of firearms in sensitive places such as

schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."  We repeat those assurances here.

*Id*. at 786 (quoting *Heller*, 554 U.S. at 626-27).[1]

In 2022, the Supreme Court decided *Bruen*, which forms the basis of Defendant's motion.  In *Bruen*, the Court found a New York gun licensing law, which required a showing of a "special need for self-defense" to obtain a permit to carry a gun in public, was unconstitutional.  597 U.S. at 11, 71.  In reaching its decision, the Court stated, "the government must affirmatively prove that its firearms regulation is part of the historical tradition that delimits the outer bounds of the right to keep and bear arms."  *Id*. at 19.  At the same time, the Court reiterated its holdings in *Heller* and *McDonald*, noting "the right secured by the Second Amendment is not unlimited" and referring to a "law-abiding citizen's right to armed self-defense."  *Id*. at 21, 26, 29.[2]  Both before and after *Bruen*, the Eighth Circuit has concluded section 922(g)(1) is constitutional on its face.  *See United States v. Hoeft*, 103 F.4th 1357, 1361-62 (8th Cir. 2024); *United States v. Seay*, 620 F.3d 919, 925 (8th Cir. 2010).

On June 21, 2024, the Supreme Court decided *United States v. Rahimi*, 144 S. Ct. 1889 (2024).  In *Rahimi*, the Court considered whether 18 U.S.C. § 922(g)(8), which prohibits individuals subject to a domestic violence restraining order from possessing firearms, violates the Second Amendment.

---

[1] Defendant's motion and reply invite the Court to disregard the passages in *Heller* and *McDonald* regarding the continued validity of felon in possession statutes as mere dicta.  Doc. 27 at 5-8; Doc. 37 at 1-2, 4, 7.  Lower courts, however, should "afford deference and respect to Supreme Court dicta."  *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1064 (8th Cir. 2017); *see also Powell v. Kovac's, Inc.*, 596 F. Supp. 1520, 1524 (W.D. Mo. 1984) (recognizing "dicta in Supreme Court opinions will generally be deemed binding.").  As such, the *Heller* dicta concerning the continued validity of felon in possession statutes, which was reiterated in subsequent opinions, must be considered by lower courts.  *See also United States v. Adams*, 914 F.3d 602, 611 (8th Cir. 2019) (observing lower courts "must respect the language used by the Supreme Court in *Heller* . . . regardless of whether it is controlling.") (Kelly J., concurring).  Notably, the Supreme Court's assurances from *Heller*, *McDonald*, *Bruen* and *Rahimi* were not cast aside as dicta but instead were cited with approval in *United States v. Jackson*, No. 22-2870, ___ F.4th ____, 2024 WL 3711155, at *4, *7 (8th Cir. Aug. 8, 2024).

[2] More specifically, Justice Kavanaugh, joined by Chief Justice Roberts, stated "the Second Amendment allows a 'variety' of gun regulations."  *Bruen*, 597 U.S. at 80-81 (Kavanaugh, J., concurring).  He also echoed the Court's prior statements in *Heller* and *McDonald*: "[N]othing in our opinions should be taken to cast doubt on longstanding prohibitions on possession of firearms by felons and the mental ill . . . ."  *Id*. at 81 (citations omitted).  Similarly, Justice Alito proclaimed *Bruen* does not "disturb[ ] anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."  *Id*. at 72 (Alito, J., concurring).  Finally, Justice Breyer, joined by Justices Kagan and Sotomayor, stated the *Bruen* opinion "cast[s] no doubt on" *Heller* indicating certain firearm regulations – including the prohibition on felons possessing firearms – are "presumptively lawful."  *Id*. at 129 (Breyer, J., dissenting).

*Id*. at 1895-1903.  Therein, the Supreme Court considered whether section 922(g)(8) "is consistent with the principles that underpin our regulatory tradition," and "whether the new law is 'relevantly similar' to laws that our tradition is understood to permit, 'apply[ing] faithfully the balance struck by the founding generation to modern circumstances.'"  *Id*. at 1898 (quoting *Bruen*, 597 U.S. at 26-31).  The Supreme Court once again stated the Second Amendment right to keep and bear arms "is not unlimited" and "prohibitions, like those on the possession of firearms by 'felons and the mentally ill' are 'presumptively lawful.'"  *Id*. at 1897, 1902.  Ultimately, the Supreme Court concluded section 922(g)(8) is constitutional because the statute is consistent with the "principles that underpin our regulatory tradition" in that it "restricts gun use to mitigate demonstrated threats of physical violence, just as [historical gun] laws do."  *Id*. at 1899-1902.

On remand from the Supreme Court after *Rahimi*, the Eighth Circuit held that section 922(g)(1) is constitutional as applied to convicted felons because the statute "is consistent with the Nation's historical tradition of firearm regulation."  *United States v. Jackson*, No. 22-2870, ___ F. 4th ____, 2024 WL 3711155, at *5 (8th Cir. Aug. 8, 2024).  The Court further stated, "Congress acted within the historical tradition when it enacted § 922(g)(1) and the prohibition on possession of firearms by felons."  *Id*. at *7.  According to the Eighth Circuit, *Rahimi* did not change its prior conclusion that section 922(g)(1) was constitutional.  *Id.* at *1.  Further, the Court reiterated "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)."  *Id.* at *4; *see also United States v. Cunningham*, No. 22-1080, ___ F.4th ____, 2024 WL 3840135, at *3 (8th Cir. Aug. 16, 2024).

## B.     Defendant's Facial Challenge

Defendant argues section 922(g)(1) is unconstitutional on its face.  Doc. 27 at 3-25.  A facial challenge claims a law is unconstitutional in all its applications.  *United States v. Veasley*, 98 F.4th 906, 909 (8th Cir. 2024) (quoting *Bucklew v. Precythe*, 587 U.S. 119, 138 (2019)).  For a law to be

4

facially unconstitutional, there must be no set of circumstances under which the challenged statute would be valid. *Id*. (citation omitted). "If some applications [of the statute] are constitutional, then facially speaking, the statute is too." *Id*. (citations omitted). Facial challenges of section 922(g)(1)'s constitutionality have been unsuccessful in the Eighth Circuit.[3] *Hoeft*, 103 F.4th at 1361-62 (citation omitted); *see also United States v. Lindsey*, No. 23-2871, 2024 WL 2207445, at *1 (8th Cir. May 16, 2024) (citations omitted).

Defendant asserts *Jackson*, *Cunningham*, and other recent Eighth Circuit decisions are no longer applicable in light of *Rahimi*. Doc. 37 at 2-8. However, as noted above, *Rahimi* reiterated the Court's prior assurances that a prohibition on the possession of firearms by felons is "presumptively lawful." *Rahimi*, 144 S. Ct. at 1902. The Eighth Circuit upheld the constitutionality of section 922(g)(1) after *Rahimi*. *Jackson*, 2024 WL 3711155, at *4; *Cunningham*, 2024 WL 3840135, at *3. The Eighth Circuit's holdings that section 922(g)(1) is constitutional and "consistent with the Nation's historical tradition of firearm regulation" remain binding authority. *See Jackson*, 2024 WL 3711155 at *5; *United States v. White*, No. 22-207 (JRT/ECW), 2024 WL 3402741, at *2-3 (D. Minn. July 11, 2024) (finding "[t]he Eighth Circuit's determination that [section] 922(g)(1) 'is consistent with the Nation's historical tradition of firearm regulation' remains unscathed in light of *Rahimi*"). This Court cannot depart from binding precedent "until overruled by [the] court en banc, by the

---

[3] Such challenges have also been unsuccessful in this Court, both before and after the Supreme Court's decision in *Rahimi*. *See, e.g.*, *United States v. Manning*, No. 22-00139-07-CR-W-BCW, 2024 WL 3297165, at *1-4 (W.D. Mo. July 3, 2024); *United States v. Hyde*, No. 23-00264-CR-W-DGK, 2024 WL 2789477, at *1-3 (W.D. Mo. Apr. 24, 2024), *report and recommendation adopted*, 2024 WL 2785304, at *1 (May 30, 2024); *United States v. Scott*, No. 23-00101-01-CR-W-BCW, 2024 WL 2303941, at *1-3 (W.D. Mo. May 21, 2024); *United States v. Srader*, No. 22-00140-01-CR-W-HFS, 2024 WL 1509673, at *1-5 (W.D. Mo. Feb. 28, 2024), *report and recommendation adopted*, 2024 WL 1308122, at *1-2 (Mar. 27, 2024); *United States v. Miller*, No. 22-00080-CR-W-BCW, 2023 WL 8355439, at *2-4 (W.D. Mo. Dec. 1, 2023); *United States v. Rose*, No. 22-00120-01-CR-W-HFS, 2023 WL 5280579, at *2-6 (W.D. Mo. July 31, 2023), *report and recommendation adopted*, 2023 WL 5281691 (Aug. 16, 2023); *United States v. Robinson*, No. 22-00070-CR-W-BP, 2022 WL 18356667, at *2-3 (W.D. Mo. Dec. 1, 2022), *report and recommendation adopted*, 2023 WL 214163 (Jan. 17, 2023); *United States v. Good*, No. 21-00180-CR-W-HFS, 2022 WL 18107183, at *4-7 (W.D. Mo. Nov. 18, 2022), *report and recommendation adopted*, 2023 WL 25725 (Jan. 3, 2023); *United States v. Jones*, No. 20-00354-CR-W-HFS, 2022 WL 17331287, at *3-5 (W.D. Mo. Oct. 19, 2022), *report and recommendation adopted*, 2022 WL 17327498 (Nov. 29, 2022).

Supreme Court, or by Congress." *M.M. ex rel. L.R. v. Special Sch. Dist. No. 1*, 512 F.3d 455, 459 (8th Cir. 2008). Accordingly, the undersigned recommends the Court find section 922(g)(1) is constitutional on its face and deny Defendant's facial challenge to the statute.

**C.     Defendant's As-Applied Challenge**

An as applied challenge requires the court "to examine a statute based on a defendant's individual circumstances." *Veasley*, 98 F.4th at 909 (citation omitted). "The as-applied challenger does not contend that a law is unconstitutional as written but that its application to a particular person under particular circumstances deprived that person of a constitutional right." *United States v. Adams*, 914 F.3d 602, 605 (8th Cir. 2019) (citation and internal quotations omitted).

Here, Defendant contends section 922(g)(1) is unconstitutional as applied to him because the statute is "overly broad" and "denies non-dangerous felons their Second Amendment rights." Doc. 27 at 26-34. However, the Eighth Circuit has held section 922(g)(1) is constitutional as applied to violent and non-violent felons, and it has reiterated "there is no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *See United States v. Cameron*, 99 F.4th 432, 435-36 (8th Cir. 2024) (holding section 922(g)(1)'s prohibition of convicted felons possessing ammunition is constitutional as applied to a defendant with prior felony convictions involving firearms, domestic violence, child endangerment, and attempted burglary).

Even after *Rahimi*, the Eighth Circuit reaffirmed its prior holdings that section 922(g)(1) is constitutional and there is no need for "felony-by-felony litigation regarding [its] constitutionality." *Jackson*, 2024 WL 3711155 at *4 (holding section 922(g)(1) constitutional as applied to a defendant with non-violent felony drug convictions); *Cunningham*, 2024 WL 3840135, at *3 (finding section 922(g)(1) was constitutional as applied to a defendant with two non-violent felony convictions). Defendant's arguments are without merit and are foreclosed by binding Eighth Circuit precedent.

Defendant also fails to present a cogent argument as to why section 922(g)(1), when applied to him specifically, is unconstitutional. Even if an as-applied challenge were allowed, the Court would observe that Defendant has prior felony convictions for crimes involving violence, including multiple counts of assault of a law enforcement officer and armed criminal action. For these reasons, section 922(g)(1) is constitutional as applied to Defendant. The undersigned recommends that Defendant's motion to dismiss be denied.

**D.    Defendant's Fifth Amendment Challenge**

Defendant asserts section 922(g)(1) violates the Fifth Amendment Due Process Clause because it fails to provide a procedural mechanism for an individual to restore his Second Amendment rights. Doc. 27 at 25-26. Defendant focuses his argument on 18 U.S.C. § 925(c), which allows individuals to petition the Attorney General for relief from the disabilities imposed by federal laws with respect to possession of firearms. Doc. 27 at 25-26. According to Defendant, Congress stopped funding this program and the remedy is not available. *Id*. He contends the absence of a procedural mechanism for restoration of rights means the felon-in-possession of a firearm statute is unconstitutional and violates procedural due process.[4] *Id*.

Another judge in this district recently rejected this Fifth Amendment argument on the grounds that "section 922(g)(1) does contain a restoration mechanism" through "18 U.S.C. § 921(a)(20)." *United States v. Scott*, No. 4:23-CR-00101-1-BCW, 2024 WL 2303941, at *3 (W.D. Mo. May 21, 2024).[5] The statute provides the following:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction . . . unless

---

[4] There is no evidence before the Court that Defendant has previously sought restoration of his Second Amendment right to bear arms under 18 U.S.C. 925(c) or any other provision of law. Thus, there is no evidence before the Court that Defendant has suffered an actual deprivation of procedural due process rights.

[5] In *Scott*, the Court also noted that it was unaware of any successful Fifth Amendment challenge to section 922(g)(1) based on section 925(c). 2024 WL 2303941 at *3.

7

such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20). Since section 925(c) is not the only avenue to restoration, the Fifth Amendment constitutional challenge to section 922(g)(1) was denied in *Scott*. 2024 WL 2303941, at *3. The same result should apply here. The undersigned recommends the Court deny Defendant's Fifth Amendment challenge to section 922(g)(1).

### E.     Defendant's Overbreadth Challenge

Defendant contends section 922(g)(1) is overly broad in that it strips many "non-dangerous" felons of their Second Amendment rights. Doc. 27 at 26-34. According to Defendant, many felony convictions may be relatively "minor" or "non-violent." *Id*. at 30-31. Other felony convictions may be "decades old." *Id.* at 34. Defendant argues that since section 922(g)(1) precludes the possession of firearms for nonviolent felons and felons "with decades old convictions," the statute is overbroad. *Id*.

Defendant's overbreadth argument has been rejected by the Eighth Circuit, even after the *Bruen* and the *Rahimi* decisions. *Jackson*, 2024 WL 3711155 at *4 (concluding "there is no need for felony-by-felony litigation regarding the constitutionality of section 922(g)(1)."). This recent and binding Eighth Circuit precedent must be applied by this Court.[6] The undersigned recommends a finding that Defendant's overbreadth argument be denied.

### III. CONCLUSION

Based on the foregoing, it is

---

[6] Even if Eighth Circuit precedent allowed for an "as-applied" challenge for non-violent offenders or offenders with older felony convictions, this type of challenge would likely be unavailable or unsuccessful in this case. Defendant has multiple felony convictions for assaulting law enforcement officers and armed criminal action based on allegations that he fired an assault rifle at several police officers. Doc. 9 at 2-3. He was convicted in 2010 and was sentenced to fifteen years in prison. *Id*. at 2. The conviction is not stale and involves serious acts of violence involving a firearm.

RECOMMENDED that the Court, after making an independent review of the record and applicable law, enter an order denying Defendant's Motion to Dismiss Case (Doc. 27).

Counsel are reminded they have fourteen days in which to file objections to this Report and Recommendation. Failure to file written objections to this Report and Recommendation within fourteen days from the date of its service shall bar an aggrieved party from attacking the Report and Recommendation before the assigned United States District Judge. 28 U.S.C. § 636(b)(1).

**IT IS SO ORDERED.**


DATE: August 19, 2024                    ___/s/ W. Brian Gaddy_____
                                         W. BRIAN GADDY
                                         UNITED STATES MAGISTRATE JUDGE